O'BRIEN et al. v. MILLER et al.

(Circuit Court, D. Connecticut. September 16, 1902.)

No. 491.

**1. COMPLAINT—SUFFICIENCY OF ALLEGATIONS.**

Where a mortgage gave the mortgagee the right of possession in case of default continuing for two months after demand, an allegation by the mortgagee in a complaint against a third person for injuring the property that demand had been made by plaintiff more than two months before the acts complained of, but without giving the date, is sufficient against a demurrer.

**2. MORTGAGE—INJURY TO MORTGAGED PROPERTY—RIGHT OF ACTION BY MORTGAGEE.**

Under the law of Connecticut, a mortgagee having the right of possession, although not in fact in possession, may maintain an action against a third person for an injury to or removal of a part of the mortgaged property, where it is alleged that the act of defendant deprived plaintiff of his sole security, and that the mortgagor is insolvent.

**3. CHATTEL MORTGAGE—SUFFICIENCY OF DESCRIPTION.**

A description of property in a chattel mortgage which is good as between the parties is prima facie sufficient as between the mortgagee and a trespasser who injures or converts the property after default in payment of the mortgage.

At Law. On demurrer to substituted complaint.

John C. Chamberlain, for plaintiffs.
Stoddard & Bishop, for defendants.

TOWNSEND, Circuit Judge. Demurrer to substituted complaint. The complaint alleges that complainants on July 27, 1899, were the owners, by virtue of a certain mortgage for $100,000, of certain real and personal property situated at Bridgeport, said mortgage having been immediately recorded in the land records at Bridgeport; that on said day said mortgage was in default; and that:

"(7) On said day the said defendants unlawfully and without color of right, as against these plaintiffs, took possession of said property, converted it to their own use, sold, broke up, and destroyed the same; but the plaintiffs have no knowledge as to what portion was sold, and what was converted to their own use. Said property was valued at over $100,000, as the plaintiffs are informed and believe.

"(8) The said value of said mortgaged property and premises consisted entirely of the property taken and destroyed by the defendants, and constituted the sole security for said mortgage debt, and by its conversion and destruction the defendants took from the plaintiffs their sole security for said debt, and utterly destroyed said security to them.

"(9) Said corporation, the Connecticut Reduction Company, the maker of said mortgage, is insolvent, and without ability to pay any portion of said bonds or the interest due thereon, and, unless the plaintiffs can recover the same from these defendants in this action, no money can be collected from any source to pay any part of the indebtedness represented by said bonds."

The real estate is described as all of the buildings, fences, and structures placed on the tract of land described, together with tanks, vessels, boilers, and much other apparatus claimed to be fixtures. Apparently

the land on which this property is situated was leased. Defendants have not questioned that such property situated on leased land is real estate. The personal property consists of sets of tools, and implements, materials, and fertilizers. Defendants demur upon the ground that there is no allegation that complainants were in possession, or had the right of possession, of the real estate. and fixtures, nor that the acts of the defendants rendered, or were intended to render, complainants' mortgage security inadequate, or would so impair the value of the property as to injure their interests therein. Defendants also demur to the complaint so far as it relates to the personal property, on the ground that there is no allegation that complainants had either possession or right of possession of the personal property described in the complaint as required by the statute. Said mortgage does not in fact contain such particular description. The defendants' claim that there is no allegation showing the right of possession in the complaint is made upon the ground that it does not appear that there was a default in the condition of the mortgage. The mortgage contains the provision that the mortgagor was to have full possession until default in payment of principal and interest, or some part thereof, but, in case default in the payment of any interest should continue for a period of two months after demand made for payment at the financial agency of the reduction company at the city of New York, the mortgagees should take possession. The allegation upon this point is:

"(4) Upon said mortgage upon said 27th day of July, 1899, there was due, by virtue of the bonds secured thereby, the sum of $100,000, together with unpaid interest to be added thereto, and said mortgage was in default by virtue of the fact that long prior thereto the interest on all of the aforesaid bonds issued and secured by said mortgage was in default, and after said default a demand had regularly and duly been made upon said company, at the financial agency of the reduction company in the city of New York, for the payment of said interest, and said default had continued for a period of more than two months after said demand, and said period of two months had expired long prior to the conversion hereinafter set up."

Defendants claim that the time of the demand should be specifically alleged. While it would have been proper to have alleged the specific date of the demand, and this would, of course, have been necessary for the purpose of charging an indorser, yet, as no authority has been cited by defendants in support of their contention, I am inclined to think that the defect should have been remedied by motion to make the statement more specific, rather than by demurrer, and that the demurrer on this ground should not be sustained.

The defendants rely upon Cooper v. Davis, 15 Conn. 560, and McKelvey v. Creevey, 72 Conn. 464, 45 Atl. 4, 77 Am. St. Rep. 321, in contending that no action by a mortgagee out of possession lies for injury to or removal of a part of mortgaged property. In both cases the article actually removed was not of great value, and could not have seriously affected the security of the mortgage. In the present case it is admitted by the demurrer that the sole value of the mortgaged property and premises consisted of the property taken and destroyed by the defendants, and that, by its conversion and destruction, defendants took away from complainants their sole security. If the

allegations of this complaint are true, and there is no justification for the acts of the defendants, complainants ought, in justice, to have some remedy.

The description of the personal property is not sufficient to make the mortgage valid as against a bona fide purchaser without notice, or an attaching creditor or trustee in insolvency. The mortgage was, however, good as to this property, between the parties, after default. It sufficiently appears that the property was not taken in the ordinary course of business, and, if the defendants were actually ignorant of the mortgage, or have other justification for taking the property, they can set it up by way of defense.

An order may be entered overruling the demurrer.