131   597
f140   236

## VOSS *v.* CONNECTICUT MUTUAL LIFE-INSURANCE CO.

LIFE INSURANCE — BENEFICIARIES — PROTECTION OF INSURER IN MAKING PAYMENT.

Where a life-insurance policy was payable to the wife of the insured in case she should survive him, otherwise to her children, and, after the death of the insured, who survived his wife, the insurer paid the policy, in good faith, to a son of the wife, who had the policy in his possession, and who represented himself to be the only child, the insurer could not be compelled to pay again one-half of the policy to the children of a deceased stepson of the wife, though the insured had intended that such stepson should share in the policy.

Error to Wayne; Brooke, J. Submitted October 15, 1902. (Docket No. 63.) Decided November 11, 1902.

*Assumpsit* by Anna Voss and others against the Connecticut Mutual Life-Insurance Company on a policy of insurance. From a judgment for defendant on verdict directed by the court, plaintiffs bring error. Affirmed.

*Thomas Hislop*, for appellants.

*Moore & Goff*, for appellee.

MOORE, J. This case is brought here by writ of error. The subject-matter thereof, and all the parties thereto, except Joseph Engelking, were before this court in the case of *Voss* v. *Insurance Co.*, 119 Mich. 161 (77 N. W. 697, 44 L. R. A. 689). A demurrer was interposed in that case. The declaration averred that Joseph Engelking was one of the children of Katharina Engelking. The demurrer was sustained because Joseph Engelking had not been made a party. After the decision in that case, an amended declaration was filed, in which Joseph Engelking was made a plaintiff. After the testimony was all in, the defendant requested the judge to direct a verdict

in its favor for a number of reasons, which it is not necessary to set out here, when the following occurred in open court:

"It is stipulated by the plaintiffs' attorney that if, upon a motion for a new trial, the court becomes convinced that he should have directed a verdict at this time for the defendant, he may direct a verdict for the defendant which shall have the same force and effect as if directed at this time, and you can make a motion for a new trial should the jury find against you on the facts stipulated; and, if I conclude to set it aside and direct a verdict, the finding of the jury will be part of the record, and goes to the Supreme Court.

"*Mr. Goff:* I want to have my objection noted to the submission of the case in the form indicated by the court."

Later a motion was made for a new trial. This motion was granted, and a verdict was directed in favor of defendant.

The case is now here after a trial upon the merits, and upon a very different record from that presented when it was here before. In granting the motion for a new trial, the circuit judge filed a written opinion, which states what is disclosed by the record, and from which we quote in part:

"This is an action brought by the plaintiffs against the defendant company to recover under an insurance policy on the life of George Engelking; the plaintiffs being the children of George Voss, who was brought up by George Engelking and Katharina Engelking, his wife. The father of plaintiffs died in 1880. The insurance policy in question was issued on the 22d day of December, 1866, on the life of George Engelking, and was made payable to Katharina Engelking, or, in case of her death prior to death of insured, to her children. Katharina died May 12, 1886, and George died May 6, 1888. Joseph G. Engelking, a reputed son of George and Katharina Engelking, upon the death of his father, in 1888, furnished proof to the company of his father's death, stating he was the only child and sole heir of Katharina Engelking. He also procured his appointment as administrator of the estate of Katharina Engelking, and on July 14, 1888, payment was made by the defendant company to Joseph G. Engelking

in the sum of $1,400.43; being the amount in full of the policy, less notes and interest due by the insured thereunder. The amount of insurance was paid to Joseph G. Engelking as administrator, and he accounted to the orphans' court in the city of Pittsburg in the month of May, 1889; and a decree of that court was made, determining that he was the sole next of kin of Katharina Engelking, and that the fund be turned over to him as such next of kin.

"George Voss, the father of the plaintiffs in this case, was an inmate of the Engelking family up to the time he was about 23 years of age. He was born in 1830; his father being Eberhard Heinrich Voss, and his mother Wilhilmine Voss. Wilhilmine having died, Katharina Diekmann married Eberhard Voss; and after the death of Eberhard Voss, and on February 24, 1846, she married George Engelking, the insured. At that time George Voss must have been about 16 years of age. The family moved to Pittsburg in the year 1847. After the year 1854, George Voss does not seem to have returned to Pittsburg. During his residence with the family he seems to have been regarded as one of the family, although, from the records produced, the records of his birth and the marriage of his parents and their death, etc., it seems quite clear that he was not related by blood to either Katharina Engelking or her husband, George. * * *

"The case was started once before, at which time the plaintiff Joseph G. Engelking was not made a party. The defendant company demurred to the declaration on the ground that he was a necessary party, and on the case being taken to the Supreme Court the demurrer was sustained. The plaintiff therefore amended his declaration by making Joseph G. Engelking a party plaintiff. The testimony of Joseph G., taken in the case, shows that he is an unwilling plaintiff, having been made a party without authority from himself, and frankly admitting the receipt by him of the entire amount paid by the company, and claiming that his representation to the company at the time of his mother's death was truthful, and that he was and is the sole heir and next of kin of Katharina Engelking, deceased; that George Voss was simply a foster brother of his own, and acquired no rights under the policy in question by the death of Katharina Engelking. A very anomalous condition is presented by the verdict in question, because, as the matter now stands, and if judg-

ment were entered upon such verdict, the plaintiffs, including Joseph G. Engelking, would be entitled to recover from defendant company the amount of the verdict, in spite of the fact that one of the plaintiffs admits that he received in his own person the entire amount of said claim under the policy."

It is true, it is now claimed by counsel that Joseph G. Engelking was not in fact the son of Katharina Engelking; but it was alleged in both the original and amended declarations that he is, and we think the proof is over-whelming of that fact.

A great many interesting questions are presented, which we do not deem it necessary to discuss. This is not a proceeding in the nature of an interpleader to decide a contest between persons, each of whom claims to be entitled to the insurance, but it is a claim that though an insurance company has in good faith paid over the insurance in full to a person who answers the description in the contract of insurance, and who produces the policy of insurance, and is adjudged by the orphans' court to be entitled to the fund, it may be compelled to again pay one-half of the insurance to the children of a person who does not answer to the description in the contract, because it is said the insured intended to have him share in the fund. Under the facts disclosed by this record, we think the trial judge should have directed a verdict in favor of defendant, without submitting the case to the jury.

The judgment is affirmed.

HOOKER, C. J., GRANT and MONTGOMERY, JJ., concurred.