## LONGERBEAM et al. v. HUSTON.

A mortgagor and mortgagee in a chattel mortgage may join in an action to recover the mortgaged chattels, though the possessory right to them is exclusively in the mortgagor; the seizure of the chattels constituting an infringement on the rights of the mortgagee.

Evidence in an action for the possession of personalty, defended on the sole ground that defendant was not in the possession thereof at the commencement of the action, examined, and *held* to support a finding that the action was commenced before defendant had sold the property, authorizing a recovery.

An action for the possession of personalty must be brought while defendant is in the possession of the property, and, if defendant before the commencement of the action has disposed of the same, the action will not lie; defendant then not being in a position to return the identical property.

A chattel mortgage described the property as one bald-faced mare five years old, weight about 1,400 pounds, and one black mare seven years old, weight 1,200 pounds, in possession of the mortgagor. The mortgagor had no other mares answering the description, and the evidence showed that the mare five years old had white hind feet, roanish color, and white hair scattered, and weighed between 1,400 and 1,500 pounds, and that the other

mare was black, with a star in her forehead, about seven years old, and weighed about 1,300 pounds. *Held*, that the testimony did not conflict with the description of the animals as given in the mortgage, which sufficiently described tnem as between the parties and as against a third person having knowledge that the animals were mortgaged.

(Opinion filed, Dec. 30, 1905.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by Elmer A. Longerbeam and another against R. J. Huston. From a judgment for plaintiffs, defendant appeals. Affirmed.

*Joe Kirby,* for appellant. *Jones & Matthews (U. S. G. Cherry, of counsel);* for respondents.

FULLER, P. J. This appeal is from a judgment 'and order overruling a motion for a new trial in an action to recover possession of two mares owned by plaintiff Longerbeam, subject to a mortgage held by his coplaintiff, the J. I. Case Threshing Machine Company. While, in the absence of a demurrer distinctly specifying that separate causes of action were improperly united in the complaint, the question may be disregarded pursuant to section 122 of the Revised Code of Civil Procedure, it is plain that both the owner and the mortgagee had an interest in the subject of action, and their rejoinder as parties plaintiff was wholly immaterial to defendant, although the possessory right to the property was exclusively in the mortgagor at the time of its wrongful taking and detention. Lieberman, Loveman & O'Brien v. Clark, 85 S. W. 258. Manifestly there was no misjoinder, as contended by counsel for appellant, because the seizure of the mortgaged chattels, even if under attachment or execution, constituted an infringement on the rights of the mortgagee, entitling him to come into the action for the purpose of asserting his lien. Miller v. Campbell Commission Co., 74 Pac. 507.

Whether the chattels in dispute were taken from the possession of the owner by virtue of legal process or by the defendant acting as a mere trespasser does not affirmatively appear, nor was any justification for the seizure attempted. The only defense offered at the trial was the assertion that such property was not in

the possession of the defendant at the commencement of the action. That the defendant took the property in the early part of November, 1904, and sold the same in the afternoon of the 28th day of that month, is undisputed, but no writ or process, fair upon its face, or otherwise, was introduced at the trial, and there is no admission of record to obviate the necessity for such evidence. Although defendant expressed his belief that the action was not commenced until the sale had taken place, his admission of personal service endorsed on the back of the summons is as follows: "Due and personal service of the within by copy at Sioux Falls, S. D., is hereby accepted November 28, '04, at 10:30 a. m. R. J. Huston." O. E. Jones, called and sworn on behalf of plaintiff, testified in part as follows: "I served the summons in this action, which I now have with me, on the defendant on the 28th day of November, 1904, at 10:30 o'clock, a. m., by delivering the same to Mr. Huston personally in the courthouse. I attended the sale heretofore mentioned, and saw the property sold. Q. Was the property described in the complaint present here at the sale? A. Yes; it was brought here and sold by the sheriff, Mr. Huston. The summons was served upon the defendant while he had possession of the property, it being then in the barn in this city, and was before the sale. I demanded a return of this property on behalf of Longerbeam, the J. I. Case Threshing Machine Company, and Mr. Cherry and the various mortgagees. The defendant said, 'I guess you will have to sue me,' and he afterwards went on with the sale."

Conformable to this clear preponderance of competent testimony, and in direct response to a special interrogatory, the jury was fully justified in finding that the action was commenced before the defendant had sold the property, and as the case stood at the conclusion of all the evidence it was not erroneous to instruct the jury as follows: "It is the law that such actions must be brought while the defendant is in the possession of the property. If the defendant, before bringing the action for the possession of the property, has sold or disposed of the property, then he is not in a position to return the identical property, and this action would not lie. * * * If you find, however, that the summons was served before

the sheriff made the sale of the property, then the action was properly commenced, and you should find a verdict for the plaintiff in this action." This instruction was given on the theory that the following description of the property contained in the mortgage was sufficient: "One baldfaced mare 5 years old, weight about 1,400. * * * One black mare 7 years old, weight 1,200. * * * All of said property being in possession of the mortgagor in Minnehaha county and free from all incumbrance." Confessedly the evidence shows that the mortgagor had no other mares answering the foregoing description in any material respect, and the fact that the bald-faced mare five years old had "two white hind feet, roanish color and white hair scattered," and in the opinion of the witness at the time of the trial "weighed between 14 and 15 hundred pounds," constitutes no material conflict in the description, and the undisputed testimony plainly shows that she was the identical mare described in the mortgage and taken from the actual possession of the owner by the defendant in this action. Nor did the testimony introduced at the trial that "the other mare was black with a star in her forehead; about seven years old and weighed about 1,300," amount to a substantial variance from the following recital of the mortgage: "One black mare 7 years old, weight 1,200." The foregoing description was certainly good as between the mortgagee and mortgagor, and, in the absence of any justification for taking the property, such description was sufficient notice to the defendant, who prior to the sale had actual knowledge that the mares were mortgaged to the J. I. Case Threshing Machine Company, and no claim that he was ignorant of the existence of the mortgage has ever been made. Crow v. Zollars, 11 S. D. 203, 76 N. W. 924; Fisher v. Porter, 11 S. D. 311, 77 N. W. 112; First National Bank of Redfield v. Koechel, 8 S. D. 391, 66 N. W. 933. In the case of O'Brien v. Miller (C. C.) 117 Fed. 1000, the United States Circuit Court of Appeals say: "A description of property in a chattel mortgage which is good as between the parties is *prima facie* sufficient as between the mortgagee and a trespasser who injures or converts the property after default in payment of the mortgage."

Neither in the admission of evidence at the trial nor in its submission to the jury by the court are we able to discover any errors of law; and the judgment appealed from is affirmed.