CORNWELL, Appellant, v. SURETY FUND LIFE COMPANY, et al., Respondents.

(199 N. W. 126.)

(File No. 5170. Opinion filed May 28, 1924.)

1. **Insurance—Exemptions—Husband and Wife—Life Insurance—Facts Held Not to Sustain Claim of Creditor that Insurer's Settlement with Widow Was Based on Her Exemptions.**

   In an action by creditors of insured to recover on policy, in which insurer set up settlement with wife of insured, evidence held not to establish that in making the settlement insurer was merely paying wife amount of her exemptions.

2. **Pleading—Demurrer—Presumptions—Fraud—Presumption Raised by Demurrer to Complaint Held Removed by Subsequent Answer.**

   In action by creditors of insured to recover on policy after settlement with insured's wife, in which complaint alleged taking out of policy to defraud creditors, presumption of insolvency and fraudulent intent created by demurrer to complaint was removed by subsequent answer which denied allegations of complaint.

3. **Insurance—Life Insurance—Accord and Satisfaction—Fraud—Decedents—Compromise Settlement with Widow as Sole Beneficiary Held to Relieve Insurer from Further Liability to Deceased's Creditors.**

   Widow of insured, who was sole beneficiary under policy, held to have authority, in absence of fraud or collusion and in absence of notice of rights of others to share in proceeds of policy, to make compromise settlement with insuror, denying its liability, that would discharge it from further liability on policy for benefit of creditors of deceased's estate.

Appeal from Circuit Court, Codington County; Hon. W. N. Skinner, Judge.

Action by A. H. Cornwell, as administrator of the estate of Henry S. Rowe, deceased, against the Surety Fund Life Company and others. From an order overruling demurrer to answer, plaintiff appeals. Affirmed.

*Hanten & Hanten* and *A. R. Henrikson,* all of Watertown, for Appellant.

*Hall & Purdy,* of Brookings, for Respondents.

Appellant cited: Rhodes v. Green, 36 Ind. 7; Bush v. Collins, 35 Kan. 535, 11 Pac. 425; Ball v. Phenicie, 94 Mich. 355, 53

N. E. 1114; Hedrick v. Strauss, 42 Nebr. 485, 60 N. W. 928; Lockhard v. Beckley, 10 W. Va. 87.

Respondents cited: 1 R. C. L. 194; Simons v. Sup. Council, (N. Y.) 70 N. E. 776; Thomson v. Meridian Life Ins. Co. (S. D.) 162 N. W. 373; Adams v. Morehead, (S. D.) 186 N. W. 830; Cole Co. v. Gross, 157 Ill. App. 218; Sylvander v. Plos, (S. D.) 176 N. W. 516; Wualseth v. Thompson, (S. D.) 183 N. W. 116; Rev. Code 1919, Sec. 787; Allison v. Connor, 36 Mich. 283; 1 C. J. 571; Rev. Code 1919, Sec. 787; 1 R. C. L. 201.

POLLEY, J. This action has been here before, and will be found reported in 44 S. D 391, 184 N. W 211 ,to which reference is made for a statement of the facts involved on the former appeal.

After the demurrer of the defendant had been overruled, it answered, and as a defense alleged that the insured had failed to pay the premium that fell due on the 9th day of April, 1916, and that for that reason the policy had lapsed and ceased to be an obligation on the 9th day of May, 1916, and that said policy had been canceled prior to the death of the decedent. In its answer defendant denied the allegation in the complaint to the effect that at the time of taking out the policy by the decedent he was insolvent and unable to pay his debts or obligations from his own means when due, and that he secured and kept in force the said policy in the name of his wife, Alice K. Rowe, with intent to delay and defraud his creditors of their demands, and to avoid the rights and the then-existing claims and debts due to his creditors. This denial removes from the case the ground on which the demurrer to the complaint was overruled.

For a further defense defendant alleged that after defendant's denial of liability on and refusal to pay the said policy Alice K. Rowe, the beneficiary named in the policy, commenced an action against defendant for the recovery of the amount therein stated, less the sum of $1,580 that had been loaned to the insured on the policy during his lifetime. In that action defendant interposed an answer in which it set up the default in the payment of the said premium that fell due on the 9th day of April, 1916, and alleged that after the filing of the said answer certain negotiations took place between the plaintiff and defendant to the end that a compromise was effected by the payment to said

plaintiff by the defendant of the sum of $3,131.08, and that on the 17th day of July, 1917, the said Alice K. Rowe signed and delivered to said defendant a receipt which was in words and figures as follows, to wit:

Watertown, S. D., July —, 1917.

"Received of the Surety Fund Life Co., $5,000.00 in full for all claims under this policy, No. 261 * * * now terminated by death. This being a compromise settlement in full under such policy.

[Signed] Alice K. Rowe."

—and surrendered said policy to defendant as fully paid and settled; that a stipulation was entered into by the attorneys for plaintiff and defendant to the effect that; "said action is wholly settled, and may be and is hereby dismissed upon the merits"; that thereafter, on the 20th day of July, 1917, the court made and entered an order "that said action be, and the same is hereby dismissed upon the merits and with prejudice to the bringing of another action herein, and without cost to either party."

It was more than a year after the entry of the above order before plaintiff, as administrator of the estate of said insured, commenced this action, wherein he asks judgment against defendant Alice K. Rowe for the transfer of the proceeds of the said policy over and above the exemptions allowed her by law on the said policy, and against the defendant Surety Fund Life Company, for the sum of $5,000 with interest from the 25th day of September, 1918. To this answer the plaintiff demurred on the ground that said answer does not state facts sufficient to constitute a defense to plaintiff's cause of action. This demurrer was overruled by the trial court, and plaintiff appeals.

It is the theory of appellant that in making the settlement with Alice K. Rowe respondent was merely paying the amount of her exemptions; that such settlement extended only to such exemptions; and that, by paying her the amount to which she was entitled as her exemption, respondent admitted its liability on the policy, and that appellant as administrator of the estate of the decedent is entitled to recover $5,000, the balance of the face of the policy for the benefit of the creditors of the estate. On the other hand, it is contended by respondent that there was a controversy between Mrs. Rowe and the respondent as to whether

anything at all was due under the policy, and that she, as the sole beneficiary, had a right to make any settlement she could with respondent, and that her surrender of the policy and release of respondent relieved it from any further liability under the policy.

[1]. Appellant is wrong in his assumption that respondent paid Mrs. Rowe the amount to which she was entitled as her exemption under the law. If the policy was in force she was entitled to $5,000 as against the creditors of the estate, but instead of that amount respondent paid her only the balance of $5,000 after deducting the $1,380 due on the policy loan, the $401.80 due on the last premium, and interest, amounting to $87.12, leaving a balance paid to her of only $3,131.08. This does not tend to prove that in making the settlement the amount of Mrs. Rowe's exemption was used as a basis.

[2] Appellant is also wrong in his assumption that this court held on the former appeal that at the time of taking out the said policy the decedent was insolvent, and secured the said policy in the name of his wife, with intent to delay and defraud his creditors. We merely held that the demurrer to the complaint admitted the allegation of the insolvency and fraudulent intent on the part of. the insured, but that allegation is denied in respondent's answer, and there is no longer a presumption of insolvency and fraudulent intent.

[3] The only question to be determined on this appeal is whether Mrs. Rowe had authority to make a settlement with the respondent that would discharge it from further liability on the policy. Upon the record before us now, we have no hesitancy in holding that she had. By the demurrer of the appellant it is admitted that she was the sole beneficiary under the policy; that upon the death of the insured she promptly claimed the amount due under the terms of the policy; that respondent just as promptly refused to pay anything at all, and denied that the policy was in force; that she thereupon commenced an action for the recovery of $10,000; that respondent by its answer claimed that the policy had lapsed prior to the death of the insured and refused to pay anything at all; that thereafter they compromised the matter by the payment of one-half (including the amount due from the insured) of the amount claimed; that this was done without any knowledge on the part of respondent, or of

Mrs. Rowe, that any one else claimed a right to any part of the proceeds of said policy, or, for that matter, that there were any creditors of the estate.

To hold with appellant under these circumstances would be to hold that a life insurance company could not pay or compromise a death claim, except at its peril, until it had made inquiry and ascertained that there were no creditors of the decedent or any one other than the beneficiary named in the policy entitled to share in the proceeds thereof.

Counsel for respondent cites the following cases in support of their theory: Voss v. Life Insurance Co,. 131 Mich. 597, 92 N. W. 102; Life Ins. Co. v. Trust Co., 89 S. W. 268, 28 Ky Law Rep. 426; Griffins v. Life Ins. Co., 119 Ky. 856, 84 S. W. 1164, 27 Ky. Law Rep. 313; Linder v. Fidelity & Casualty Co., 52 Minn. 304, 54 N. W. 95; Renick v. Life Ins. Co., 106 S. W. 310, 32 Ky. Law Rep. 506. These cases, however, are all cases where the full amount of the policy was paid to the beneficiary. No case where the parties had compromised and settled by the payment of a part of the amount named in the policy has been called to our attention, but we believe that the same principle should be applied in both cases, and, in the absence of any act, amounting to fraud or collusion, and in the absence of notice that there are others who have a right to share in the proceeds of the policy, a compromise settlement made by the insurer and the beneficiary named in the policy should relieve the insurer from further liability on the policy.

The order appealed from is affirmed.

Note.—Reported in 199 N. W. 126. See, Headnote (1), American Key-Numbered Digest, Insurance, Key-No. 665(1), 25 Cyc. 943; (2) Pleading, Key-No. 214(8), 31 Cyc. 338 (1925 Anno.); (3) Insurance, Key-No. 603, 25 Cyc. 902.