NORTHERN FINANCE CORP., Respondent, v. MIDWEST COMM. CREDIT CO., Appellants.

(239 N. W. 242.)

(File No. 7232. Opinion filed December 1, 1931.)

*H. F. Fellows,* of Rapid City, for Appellant.
*R. P. Carlton,* of Rapid City, for Respondent.

ROBERTS, J. This is an action to recover damages for the conversion of an automobile alleged to have been included in a chattel mortgage executed to secure the payment of a promissory note. After averring the execution and delivery of the note and mortgage by one Robert L. Blythe, the ownership thereof and the amount due upon the note, the complaint alleges:

"That to the best of his knowledge and belief, the exact date not being known to the plaintiff, that in the month of March, 1930, the defendant, The Midwest Commercial Credit Company, by and through its agents took possession of the automobile described in the plaintiff's mortgage, took an assignment of title from Robert L. Blythe, and virtually bought said car from him and converted the same to its own use, and against the interests of the plaintiff herein, took the same and resold it to the defendant, the Rapid City Motor Company, and that the Rapid City Motor Company converted said automobile to its own use, and sold the same for a valuable consideration, all against the interests of the plaintiff herein, and to the detriment of the plaintiff herein, and that all this was done, by each of the defendants in total disregard of the plaintiff's rights and interest in said automobile and in disregard to the above mentioned mortgage and that by the acts of the defendants, and each of them, and by their wilful conversion of said automobile, with disregard to the plaintiff's rights and interest and as said automobile has been lost to the plaintiff."

"That the plaintiff has been informed and therefore alleges that the defendants, and each of them, acted under some kind of a sales contract covering said automobile, but that the plaintiff had no knowledge of any such contract and that the same was not of record in Butte County, South Dakota, which was the home county of said automobile ever since it had been owned by the said Robert L. Blythe; that no sale of said automobile was ever had in accordance with law, and if the defendants, or either of them, was acting under a sales contract, and if there was a sales contract, enough had been paid on the same to require a payment according to the provision on the note, but that the defendant, the Midwest Commercial Credit Company, really bought said car from Robert L. Blythe, and even if there was a sales contract, these acts would make same void and said automobile would then be subject to the plaintiff's mortgage."

It is further alleged that prior to the commencement of this action the plaintiff made a demand on each of the defendants for the return of the automobile or the payment of the amount due upon the note, and that the defendants refused to return the property or to make payment. Defendant appeals from an order overruling a demurrer to the complaint.

It is contended by the defendant that there is a misjoinder of causes of action; that the complaint purports to state a cause of action for the conversion of an automobile against the defendant Midwest Commercial Credit Company, and also a separate and distinct cause of action for conversion of the same property against the Rapid City Motor Company named as codefendant.

■■ The Code classifies causes of action, and declares what causes of action may be united in a complaint, but specifically provides that "the causes of action, so united, must all belong to one of these classes, and, except in actions for the foreclosure of mortgages, must affect all the parties to the action." Section 2371, Rev. Code 1919. The fact that each cause of action does not affect all the defendants in an action renders the complaint demurrable for misjoinder of causes of action, and the commingling in one statement of causes of action does not deprive a defendant of the right to demur for misjoinder. Common School District No. 45 v. Inch, 56 S. D. 502, 229 N. W. 380.

As a general rule, several persons may be joined as defendants, in an action for tort, when and only when the tort is a joint tort; that is, when there is such a concert of action or unity of design among the several wrongdoers as to constitute them joint tort-feasors. 47 C. J. 80.

Bliss on Code Pleading, § 83, states the rule as follows: "Persons are not jointly liable for a tort merely because they may have some connection with it, even, if it may give a several cause of action against them. There must be a co-operation in fact; 'there must be some community in the wrong-doing among the parties who are to be united as co-defendants; the injury must be in some sense their joint work.'"

In Pomeroy on Code Remedies, § 210, applying the rule to actions for conversion, the author says: "The general doctrine under examination embraces as well the case of a joint conversion of chattels, as any other instance of joint tort to property or person. When two or more have united in the act which amounts to a conversion, or have so interfered with the chattel as to constitute a conversion within the legal meaning of the term, the owner or person having the special property may sue all, or one, or any, as in the case of any other tort. But there must be a community in the wrong-doing; the wrongful act must constitute a conversion on the part of all, and in that act all must have engaged. * * * If there is no such community, a joint action for the conversion will not lie, and a fortiori, it will not lie when the defendants have not each been guilty of an act which is a wrongful conversion."

It is the wrongful act, and not the injury, that creates liability. The defendants may have converted the same property, but they cannot be joined as defendant if there was no community of wrongdoing. The complaint alleges that in the month of March, 1930, the defendant Midwest Commercial Credit Company acquired possession of the automobile upon which the plaintiff held a chattel mortgage from Robert L. Blythe, mortgagor, and that the company converted the same to its own use, and that thereafter this company sold the automobile to the Rapid City Motor Company. It does not appear from the allegations of the complaint that the defendant Rapid City Motor Company participated in the transaction to which Blythe and the defendant Midwest Commercial Credit

Company were parties, and upon which transaction the plaintiff predicates a cause of action for conversion of the automobile against the latter company. The Rapid City Motor Company, having subsequently acquired by purchase the property which its codefendant wrongfully possessed, and thereafter having refused on demand to surrender possession to the plaintiff, does not become a joint tortfeasor in the original taking. We do not intend to infer that in no action for conversion could a vendor and a purchaser be properly joined as parties defendant. If a sale of property constituted a conversion and the sole ground of recovery, a different situation from that set forth under the allegations of the complaint in the instant case would be presented.

The plaintiff asserts that the allegations contained in the second paragraph of the portion of the complaint above quoted to the effect "that the plaintiff had been informed and therefore alleges" that the defendants acted under a sales contract are sufficient to establish a joint and several liability. Facts which are, or should be, within the knowledge of the plaintiff, are required to be alleged directly and positively. If there is a departure from the direct and positive form of allegation by the plaintiff, when the facts are not presumably within the pleader's knowledge, they must be stated upon information and belief. Section 2361, Rev. Code 1919. A statement upon information, without alleging that it is also based upon the pleader's belief is insufficient, and must be eliminated from consideration when a pleading is challenged by demurrer. We do not, however, regard the insufficiency of the form of the allegation as decisive. If there existed a sales contract between the defendants, this in itself would not establish a community of wrongdoing. It is alleged that the first converter of the automobile "took the same and resold it" to its codefendant. It does not appear that the defendants united for a common purpose to wrongfully acquire possession of the automobile, and in defiance of the rights of the plaintiff under its chattel mortgage.

The trial court erred in failing to sustain the demurrer upon the ground of misjoinder of causes of action, and the order appealed from is therefore reversed.

POLLEY, P. J., and CAMPBELL and RUDOLPH, JJ., concur.

WARREN, J. (dissenting). I am unable to agree with the majority opinion, because, under the system of Code pleading, our statutes specifically authorize the joining of causes to avoid a multiplicity of suits, which enactment was undoubtedly for the benefit, convenience, and economy of litigants, and is in full accord with the reformed system of procedure. Section 2371, 1919 Revised Code.

The plaintiff seeks to recover a judgment against the two named defendants. On account of the conversion of its security, a certain automobile, the plaintiff has pleaded that one of the defendants took possession of the automobile and converted the same to its own use, and that it was resold by said defendant to the other defendant, who converted the same to its own use. Looking at this action from the standpoint of the plaintiff, it seems clear that it is trying to recover for the value of its security from whomever may have converted the property to their own use. Finding that where two parties have converted the same property, may the two parties be joined as defendants? I am of the opinion that they can.

Section 47, under the title of "Trover," 26 R. C. L. 1136, states the rule as follows: "A mortgagee of chattels, with a present right of possession, may maintain trover against a wrongdoer for the conversion of the mortgaged property. The same is true of the assignee of such mortgagee. So also, where the mortgagee is given the right to take possession upon the removal or sale of the property, its removal or sale constitutes a conversion for which the mortgagee may bring trover."

The facts as pleaded would indicate that the parties defendant aided and assisted each other in disposing of the property, and are subject to the following rule of law, found in § 4, 38 Cyc. 2054: "Every person is liable in trover who personally or by agent commits an act of conversion, or who participates by instigating, aiding, or assisting another, or who benefits by its proceeds in whole or in part."

As tort-feasors, the defendants would be amenable to the rule of law laid down in subdivision (b) of § 4, 38 Cyc. 2055: "A joint conversion is the single concerted act of several persons, or the result of the acts of several persons which, although separately committed, all tend to the same end."

The above is supported by a New York case, Kilmer v. Hutton et al., 131 App. Div. 625, 116 N. Y. S. 127, holding, in effect, that where property is converted by one and afterwards delivered to another, trover lies against both. The Supreme Court of Alabama, in Pippin v. Farmers' Warehouse Co. et al., 167 Ala. 162, 51 So. 882, 884, said: "If the cotton was converted by the wrongful act of one (and the agreed statement of facts showed this) co-operating with the other defendant, who had notice of the plaintiff's rights, a joint action for the wrongful act might be maintained against both of them. Powell v. Thompson, 80 Ala. 51."

The recent case of Mosby v. Manhattan Oil Co. (C. C. A.) 52 F. (2d) 364, indicates that there is respectable authority to the effect that a joint action will lie against two or more tort-feasors jointly. That is the view of the Kansas high court, and which decision receives support in several other jurisdictions. I believe that the line of authorities permitting the joining of defendants in a case such as the case at bar is highly desirable and is permissible under our existing statutes relating thereto.