CRESBARD GRAIN COMPANY, Appellant v. FARNHAM, et al, Respondents.

(244 N. W .91.) ·

(File No. 7120. Opinion filed September 1, 1932.) .

*Bruell & Henderson,* of Redfield, for Appellant.

*Williamson, Smith & Williamson,* of Aberdeen, for Respondents.

MISER, C. Cresbard Grain Company, plaintiff and appellant herein, sold a motortruck to defendant Farnham. It took and filed a mortgage on the truck to secure the note given for part of the

purchase price. Before the maturity of the note, defendant Farnham sold and delivered the truck to defendant Smoot, who had knowledge of the mortgage lien. While defendant Smoot was operating the truck, and before the maturity of the note, defendant Schull negligently collided with and demolished the mortgaged truck. Prior to the collision, the truck was worth more than the amount of appellant's mortgage lien against it. After the collision, it was valueless. After the maturity of the note, no part of which had been paid, appellant sued Farnham, Smoot, and Schull. Schull demurred to the complaint. The appeal is from the order sustaining the demurrer.

The grounds of demurrer interposed are that several causes of action have been improperly united, and that the complaint does not state facts sufficient to constitute a cause of action against respondent. Subdivisions 5 and 6, § 2348, R. C. 1919. The order sustaining the demurrer does not specify on which ground sustained. If properly sustained on either ground, the order must be affirmed.

Respondent contends that, because section 1558, R. C. 1919, provides that "no person whose interest is subject to the lien of a mortgage may do any act which will substantially impair the mortgagee's security," it must be presumed that the Legislature intended that third persons having no interest in the property should not be liable for acts impairing the mortgagee's security. But in Smith v. Donahoe, 13 S. D. 334, 83 N. W. 264, 266, this court said: "While it is true that a mortgagee acquires no title to the property until the foreclosure and sale of the same, yet it does not follow that he does not have such an interest as can be protected by an action at law."

In many of the states a mortgage of personal property vests the legal title and right of possession in the mortgagee. Jones, Chat. Mtg. (5th Ed.) § 447A. This affects the applicability of the decisions of the courts of such states. But even in states where a mortgage of chattels is merely a specific lien on the property, as in this state, and not a conveyance of the legal title or of the right of possession, the doctrine obtains that a mortgagee may sue in case of injury to his reversionary interest, and such an action may be maintained against a stranger. Berlein v. Eddy, 89 Fla. 484,

104 So. 780; 11 C. J. 602. In Longerbeam v. Huston, 20 S. D. 254, 105 N. W. 743, this court held that, although the possessory title to the property was exclusively in the mortgagor at the time of its wrongful taking and detention, the mortgagor and mortgagee in a chattel mortgage might join in an action to recover the mortgaged chattels. In O'Brien v. Miller (C. C.) 117 F. 1000, 1001, cited by this court in Longerbeam v. Huston, supra, the Circuit Court of Appeals said: "In the present case it is admitted by the demurrer that the sole value of the mortgaged property and premises consisted of the property taken and destroyed by the defendants, and that by its conversion and destruction, defendants took away from complainants their sole security. If the allegations of this complaint are true, and there is no justification for the acts of the defendants, complainants ought, in justice, to have some remedy."

■ Inasmuch as the complaint states facts sufficient to constitute a cause of action against respondent Schull, it becomes necessary to determine whether the demurrer was properly sustained because several causes of action were improperly united. In Northern Finance Corp. v. Midwest Comm. Credit Co., 59 S. D. 282, 239 N. W. 242, this court held that several persons may be joined as defendants in an action for tort only when there is such concert of action or unity of design among them as to constitute them joint tort-feasors. In that case this court considered the effect of the language in section 2371, R. C. 1919, which provides that each cause of action must affect all of the parties to the action. This opinion is reviewed in the June, 1932, number of the Michigan Law Review, vol. 30, p. 1344. It is apparent that defendant Farnham and defendant Schull were not joint tort-feasors in the destruction of the truck, for Farnham had nothing whatever to do with the destruction of the truck. It is equally apparent that defendant Farnham and defendant Schull were not joint tort-feasors in the sale of the mortgaged truck because defendant Schull had nothing whatever to do with the purchase and sale of the mortgaged truck.

■ But appellant contends that the only cause of action stated in the complaint is for the destruction of the truck in which cause of action defendant Farnham, as the mortgagor, is a necessary

party. The complaint alleges the execution and delivery of the chattel mortgage and the note thereby secured by defendant Farnham to appellant, the filing of the mortgage, the maturity of the debt and the failure to pay it, the wrongful sale of the mortgaged truck by Farnham and its acceptance by Smoot with knowledge of the mortgage lien, its negligent operation by Smoot, its negligent destruction by Schull, its value at the time defendant Smoot took control of its, its value prior to the collision, and its lack of value thereafter, demand by plaintiff and appellant of each of the defendants for its value. The complaint then alleges the amount of plaintiff's lien thereon; that, in addition thereto, plaintiff claims, as a reasonable attorney's fee, provided in said mortgage, the sum of $100 "to be recovered as a part of plaintiff's claim by reason of the bringing of this action under said mortgage lien." The complaint closes with a demand for judgment against each of the defendants for the amount of his mortgage lien, plus $100 attorney's fees, and for the costs and disbursements of the action. It is apparent, therefore, that a cause of action is stated against defendant Farnham and another cause of action is stated against respondent Schull, and that these two defendants are not joint tort-feasors either in the conversion or in the destruction of the mortgaged property. Several causes of action have therefore been improperly united in the complaint demurred to. Section 2371, R. C. 1919; section 289 of Sutherland, Code Plead.; 1 C. J. 1058, 1072; Cont. Securities Co., v. Yuma Nat. Bk., 20 Ariz. 13, 176 P. 572.

Several causes of action having been improperly united, the demurrer was properly sustained. The order sustaining the demurrer must therefore be, and it is, affirmed.

CAMPBELL, P. J., and ROBERTS and RUDOLPH, JJ., concur.

POLLEY, J., absent and not participating.

WARREN, J. (concurring specially). Having dissented in the case of Northern Finance Corp. v. Midwest Comm. Credit Co., 59 S. D. 282, 239 N. W. 242, and adhering to the views I expressed therein, I cannot concur in that portion of the majority opinion relating to the joinder of several tort-feasors, and which is decided upon the authority of Northern Finance Corp. v. Midwest Comm. Credit Co., supra.