FARMERS & MERCHANTS BANK & TRUST CO., Respondent
v. JENNINGS, Appellant

(241 N.W.2d 715)

(File No. 11670. Opinion filed May 13, 1976)

**Carlyle E. Richards** of **Ronayne & Richards**, Aberdeen, for plaintiff and respondent.

**Harvey C. Jewett** of **Siegel, Barnett, Schutz, O'Keefe & Ogborn**, Aberdeen, for defendant and appellant.

HECK, Circuit Judge.

This case was submitted to the trial court on a stipulation of facts which are hereafter summarized.

Judy and Richard Ottum, when purchasing an automobile, obtained financing from plaintiff Farmers & Merchants Bank and Trust Company, the automobile being used as security for the loan. Subsequently, Richard Ottum and defendant Eiffel Jennings were involved in an automobile accident occasioned by the defendant's negligence. Ottum and the defendant reached a settlement of the claim for damages resulting from the collision. The insurance carrier of defendant, through its adjuster, received a letter from plaintiff requesting that plaintiff's name be placed on the settlement draft. No response was made to the request. Defendant's insurance carrier delivered the settlement draft to Ottum. The plaintiff was not named as a payee on the

draft. Ottum failed to pay the loan when it became due. An action was commenced by plaintiff against Ottum upon his promissory note for the automobile financing. Default judgment was obtained, and execution was issued, but returned unsatisfied. Plaintiff next brought an action against the insurer and the adjuster which was dismissed by the trial court. Plaintiff then brought this action against Jennings for damages to the automobile. The trial court held in favor of plaintiff. We reverse.

In this case, both the mortgagors (Ottums) and the mortgagee (Farmers & Merchants Bank and Trust Company) had a cause of action against the tort-feasor (Jennings) for the damage to the automobile. Cresbard Grain Co. v. Farnham, 1932, 60 S.D. 179, 244 N.W. 91.

■ The legal issue here is whether or not the defendant was obligated, upon receipt of notice by the insurance adjuster of the plaintiff's interest in the damaged property, to see to the application of the insurance award to plaintiff's lien. If the defendant had such an obligation she would be estopped from pleading prior settlement as a bar to the plaintiff's action. We hold that the defendant is not under such an obligation. Universal C.I.T. Credit Corporation v. Trapp, 1958, 232 S.C. 297, 101 S.E.2d 829.

The plaintiff contends that the language used in the case of Cornwell v. Surety Fund Life Co., 1924, 47 S.D. 421, 199 N.W. 126, as it relates to "notice" is controlling. The administrator of decedent's estate brought an action against a life insurance company for the proceeds of a life insurance policy on the life of the decedent for the benefit of creditors. The insurance company had previously settled all claims under the policy with the named beneficiary. This court, in holding for the insurer, stated therein:

> "[I]n the absence of any act amounting to fraud or collusion, and in the absence of notice that there are others who have a right to share in the proceeds of the policy, a compromise settlement made by the insurer and the beneficiary named in the policy should relieve the insurer from further liability on the policy." 47 S.D. at 425, 199 N.W. at 128.

In Cornwell there was no notice given to or knowledge by the insurer or the beneficiary that there were any other parties claiming an interest in the proceeds of the policy. The court there did not determine whether notice to the insurer or beneficiary would have estopped the insurer from pleading the settlement as a bar to the action.

> "To create an estoppel, there must have been some act or conduct upon the part of the party to be estopped, which has in some manner mislead the party in whose favor the estoppel is sought and has caused such party to part with something of value or do some other act relying upon the conduct of the party to be estopped, thus creating a condition that would make it inequitable to allow the guilty party to claim what would otherwise be his legal rights." Somers v. Somers, 1911, 27 S.D. 500 at 504, 131 N.W. 1091 at 1093.

See also Kelly v. Gram, 1949, 73 S.D. 11, 38 N.W.2d 460.

■ Neither the defendant nor her insurer made any statements, committed any acts, or exhibited any conduct upon which the plaintiff could rely to its detriment, and in the absence of fraud or collusion, the settlement and release of the tort-feasor by the mortgagor is a bar to a subsequent action by the mortgagee. 15 Am.Jr.2d, Chattel Mortgages, § 187; Motor Finance Co. v. Noyes, 139 Me. 159, 28 A.2d 235.

The judgment of the trial court is reversed.

DUNN, C. J., COLER, J., and HERTZ, Circuit Judge, concur.

HECK, Circuit Judge, sitting for WOLLMAN, J., disqualified.

HERTZ, Circuit Judge, sitting for WINANS, J., disqualified.