### WYLIE v. OHIO RIVER AND CHARLESTON R. R.

1. MAGISTRATE—CASE FOLLOWED.—A magistrate has jurisdiction of a case of damages for less than $100. Following *Delk* v. *Zorn, ante,* page 149.
2. SUPREME COURT.—This Court, in a law case, cannot consider the question of the sufficiency of evidence.
3. DAMAGES—MORTGAGEE.—A mortgagee may sustain an action for damages for the negligent killing of an animal in possession of mortgagor after condition broken.
4. IBID.—ACCOUNTING.—In an action by mortgagee against a third party for damages for killing mortgaged property, the Court cannot consider equities between mortgagor and mortgagee.

Before GARY, J., Lancaster, June, 1896.   Affirmed.

Action by R. E. Wylie and Eliza J. Wylie, as executor and executrix of John D. Wylie, against the Ohio River and Charleston Railroad Company, for the negligent killing of a cow. Judgment by magistrate for plaintiff. Defendant appeals to Circuit Court. Judgment below affirmed. Defendant again appeals.

*Messrs. N. W. Hardin* and *R. E. & R. B. Ellison,* for

appellant, cite: *Right of plaintiff to maintain the action:* 17 How. U. S., 369; 1 Strob. Eq., 342; 14 S. C., 116; 26 S. C., 336; 38 S. C., 511.

*Mr. R. E. Wylie,* contra, cites: *On same point:* 26 S. C., 110; 3 Brev., 68; 20 S. C., 331; 26 S. C., 331; 31 S. C., 567.

March 5, 1897. The opinion of the Court was delivered by

MR. JUSTICE JONES. This is an appeal from the judgment of the Circuit Court affirming the judgment of a magistrate's court, in an action for damages for the negligent killing of a cow. John D. Wylie, at his death, May 15th, 1894, held a chattel mortgage, dated December 28th, 1893, executed by Wyatt Fraser to secure a note for $50, payable November 1st, 1894, the mortgage covering the cow and some other personal property. Some time in December, 1894, after the maturity of the mortgage debt, while in the possession of the mortgagor, the cow was run over and killed by the defendant's train. This action was brought to recover $50 damages. The defendant denied the negligent killing, and set up that plaintiffs had no title or interest in the cow, and no right of action for damages. A trial by jury having been waived, Magistrate W. P. Caskey, after hearing the evidence, gave judgment for the plaintiffs for $25, which judgment on appeal to the Circuit Court was affirmed.

The first and second exceptions raise the question that the magistrate had no jurisdiction under the Constitution to try the case. These exceptions were not discussed by appellant, doubtless, because the question raised has been finally settled in the recent cases of *In re Hooper et al.,* and *Delk* v. *Zorn, ante,* page 149.

The third exception complains that there was no evidence of negligence to warrant the judgment below. This relates to the sufficiency of the evidence, which we have so often declared this Court can not consider in a case at law.

The fourth exception alleges error, "Because the plaintiffs had no title to the cow when she was killed, and they were not the real parties in interest." It is well settled that upon breach of the condition of a chattel mortgage, the mortgagee becomes the legal owner of the mortgaged property. It follows that the mortgagee, as legal owner, may bring action for damages for injury to the mortgaged property. This case does not differ in principle from the case of *Williams* v. *Dobson*, 26 S. C., 110, wherein an execution creditor and a constable were held liable to the mortgagee in damages for seizing and selling under execution the mortgaged property, while in the possession of the mortgagor after condition broken. It does not affect the question that the mortgagees had not taken possession of the mortgaged property. The rights incident to legal ownership attached on the breach of the condition of the chattel mortgage.

The fifth exception alleges further, as error, "Because the mortgagor had still possession of all the other items of personalty mentioned in the mortgage, which were more than sufficient to pay off the said mortgage debt, and the plaintiffs had taken no steps to gain possession thereof." It does not concern this case that there was other property which plaintiffs had the right to take possession of as legal owners. This is an action at law for damages to plaintiff's property. The measure of damages is the value of the mortgaged property, not what the mortgagor might owe the mortgagee on the mortgage debt, in an accounting between them. The Court below did not have the power in this action to determine the equities between the mortgagor and mortgagee, so as to show that plaintiffs had not been damaged, because the remaining property is sufficient to pay the mortgage debt. But if the Court could have done so, there was no evidence whatever as to the value of the remaining property.

The judgment of the Circuit Court is affirmed.