Chittenden, J.
This action was brought by the plaintiff, George Gfell, to recover a judgment for damages sustained by reason of injuries to an automobile belonging to him, resulting from a collision with’a delivery wagon owned by the defendant. The trial resulted in a verdict in favor of the defendant. Judgment being entered thereon, a motion for new trial having been overruled, error is prosecuted in this court.
The error relied upon for reversal is in the charge of the court to the jury.
At the time of the collision the automobile was being driven by one Frank J. Herman, and was proceeding in a southerly direction on Benedict avenue in the city of Norwalk. Near the Children’s Home the automobile overtook the delivery wagon, *428 drawn by one horse, and driven by one James A. Vradenburg, an employe of the defendant. Both vehicles were traveling in the same direction. The driver of the automobile undertook to pass the delivery wagon on the right hand side thereof. At about this time the driver of the delivery wagon turned to the right for the purpose of entering the drive to the Children’s Home, where delivery of material was to be made, and thereupon the driver of the automobile applied the brakes hard causing the automobile to skid. The damage arose, as claimed by the plaintiff, by reason of the automobile being struck on one side by the delivery wagon and by being forced into the curbing and a telegraph or telephone pole at the side of the street.
The evidence is in conflict as to the exact position of the delivery wagon jtisf prior to the collision. Plaintiff claims that the delivery wagon was upon the left-hand side of the street contrary to the provisions of the state law and the city ordinance. The defendant claims that the delivery wagon was not on the left-hand side of the road, 'but that it had turned over to about the middle of the road for the purpose of enabling the driver ■to turn into the driveway of the Children’s Home. Defendant claims that there was plenty of room for the automobile to pass on the left-hand side of the delivery wagon, as required by the state law and the city ordinance, and that the driver of plaintiff’s machine was negligent' in attempting to pass on the right-hand side.
Before argument counsel for plaintiff requested the court, in. several written instructions, all *429 framed to present the same question, to charge the jury that no question of contributory negligence was involved in the case. These propositions were based upon the theory that the evidence did not show that Herman, who was driving the automobile, was an 'agent or servant of the plaintiff, and that it did show that the driver was in possession of the automobile as a gratuitous bailee. These instructions were all refused by the trial court, who, in the general charge, instructed the jury, in substance, that they were to determine from all the evidence whether or not the relation of agent or servant existed between the plaintiff and Herman, and that if they found that such relation existed and that Herman was guilty of negligence directly contributing to the injury to the automobile the plaintiff could not recover.
An examination of the record discloses no evidence from which the jury would be justified in finding the relation of principal and agent or master and servant between the plaintiff and Herman. The only evidence upon the subject shows that the relation of bailor and bailee existed and that Herman was in possession of the automobile as a gratuitous bailee. We find that the great weight of authority is to the effect that when such relation exists the bailor may recover of a third person for damages caused to the property of the bailor in the hands of the bailee, if caused by the negligence of a third person, even though the bailee be guilty of contributory negligence in the handling of the property, and even if the bailee, in an action for damages brought by 'him, might be met by the defense of *430 .contributory negligence. We will not undertake to cite the numerous cases in which the subject 'has been discussed, but call attention to the decisions in the two cases, Spelman v. Delano, 177 Mo. App., 28, 163 S. W. Rep., 300, and Loomis v. Norman Printers’ Supply Co., 81 Conn., 343, 71 Atl. Rep., 358.
In the course of the opinion in the case first above cited is found the following quotation from Van Zile on Bailments, Section 130:
“The bailee does not stand in the place of the bailor; he does not represent him in such a relation as would render the bailor liable for his'negligent acts, or for the negligent acts of his servants or agents; and so, while in an action brought by the bailee against third parties for the injuries to the property, the third party may defend in the action upon the ground of contributory negligence upon the part of the bailee, his servants or agents, in an action by the bailor, who is the owner of the property, -against a third party for injury to the bailment, the negligence of the bailee, or his servants or agents, would be no defense and would not prevent a recovery for the reason that such negligence is not imputable to the bailor.”
The doctrine of imputed negligence does not prevail in Ohio. (Davis v. Guarnieri, 45 Ohio St., 470, and Norwood v. Hauk, 10 C. D., 826.) This court has repeatedly followed the doctrine as announced in the two cases just cited.
It follows from what has been said that the instructions requested -by the plaintiff to be given before argument, in so far as they sought to exclude the question of -contributory négligence, *431 •should have been given, and their refusal constituted prejudicial error. It is entirely settled by the decisions of the supreme court and this court that it is error to charge upon the subject of contributory negligence in a case in which that issue is not properly presented by the pleadings or the evidence.
In view of the fact that the judgment must be reversed and the cause remanded, we think it proper to express our views as to the effect of the ordinance introduced in evidence. Section 218 of the general ordinances of the city of Norwalk provides that “every vehicle shall keep on the right side of the street, except when necessary to turn to the left in crossing or in overtaking another vehicle.” It is an elementary proposition that ordinances of this character must be reasonable in order to be valid. It is quite evident that the regulation is a proper one and tends to facilitate traffic upon the streets and the safe use thereof. In order to be valid, however, it must be so construed as to permit the reasonable use of the street in gaining access to and egress from property abutting thereon. The court charged the jury, in substance, that if the driver of the delivery wagon turned to the left only so far as was reasonably necessary in order to make the turn to gain access to the grounds of the Children’s Home, which abutted on the west side of the street, he was not guilty of negligence per se in so doing by reason of the fact alone that in making the turn he went to the left of the center line of the street. We think that this instruction is correct. It is manifest that a reasonable interpretation of this ordi *432 nance includes not only the right to turn across the street at street intersections, but also to turn into alleys and private driveways.
We do not find from the evidence in this case that the doctrine of joint enterprise is applicable.
For the reasons above stated, the judgment of 'the common pleas court will, be reversed and the cause remanded for new trial.
Judgment reversed, and cause remanded.
Kinkade and Richards, JJ., concur.