## YAHRAUS et v STEVENS

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9300. Decided Feb 25, 1929

M S Farmer, Cleveland, for Yahraus.
G A Sayle, for Stevens.

SULLIVAN, J.

It is true that more positive language could be used and it is also apparent that the allegation is not as definite and certain

as it might be but in the absence of a motion to make more definite and certain we are compelled to resort alone to the language and it is our conclusion that a reasonable interpretation thereof is that when the term "fixtures" was used and the word "stripped" in connection therewith, that a reasonable conclusion is that the plumbing apparatus had been installed and had become fixtures in the legal sense and had been⁄ stripped from their installation. Therefore it is our judgment that there was error in the sustaining of the demurrer. That a plaintiff has a right as a mortgagee to maintain an action against one who entered mortgaged premises and reduced the mortgage security, we think is supported by Allison vs McCune **15 Ohio, 726;** Mathews vs Selby, 201 Northwestern, 94; Ogden Lumber Co. vs Busse, 86 N. Y. Supp. 1098 and other similar authorities in various States of the Union.

It is argued by able counsel for defendant in error that because there was no motion for new trial filed in the court below, after judgment, in accordance with the judgment that the judgment rendered is not a final judgment and therefore not the basis for error proceedings but we are inclined to disagree with this view for the reason that the judgment was based upon the demurrer, a question of law, and that therefore a motion for new trial was not necessary in order to impose final judgment.

Thus holding, the judgment of the lower court on demurrer is hereby reversed and the cause remanded for further proceedings according to law and the Common Pleas Court is hereby instructed to overrule the demurrer in accordance with the judgment of this court.

Vickery, PJ, and Levine, J, concur.