## VICTOR TEA CO v WALSH

Ohio Appeals, 8th Dist, Cuyahoga Co
No 11280. Decided Mar 16, 1931

Richard J. Moriarty, Cleveland, for Tea Co.

John H. McNeal, Cleveland, for Walsh.

SHERICK, PJ, LEMERT & MONTGOMERY, JJ (5th Dist) sitting.

LEMERT, J.

Numerous grounds of error are alleged in the petition, but in the oral argument and briefs in this case two grounds of error are urged, to-wit, that the verdict is contrary to law, and, second, that the verdict is contrary to the weight of the evidence.

An examination of the record discloses that there was a dispute and conflict in the evidence and testimony as to the happening of the accident. The weight of the evidence and the credibility of the witnesses was for the jury to consider and decide upon. The record discloses that there was credible evidence introduced by the plaintiff justifying the verdict of the jury. It is the law of this state that mere conflict in testimony precludes a reviewing court from reversing a judgment. A reviewing court will not reverse a judgment for the reason that it is against the manifest weight of the evidence unless on the whole of the record it clearly appears that such is the case no matter what opinion a Court of Appeals may have. The record must show as a matter of law circumstances or facts determinative of the question whether the judgment is against the weight of the evidence.

Whenever from conflicting evidence of the same witness or of different witnesses it becomes necessary to weigh such conflicting evidence to determine wherein the probable truth lies, or from a combination of circumstances determine an ultimate fact upon the determination of which different minds might reasonably arrive at different conclusions, it is the province of the jury to perform that function. It is reversible error for the court to invade that province of the jury. So that, upon the first claimed ground of error we find that the same is not well taken.

A review of the record before us reveals that the plaintiff the owner of the automobile was not in the car at the time the accident happened. The automobile was in the sole charge and control of said bailee who was on his own personal errand, mission and business on a visit to his aunt and not otherwise. The said bailee asked and invited Mrs. Walsh, the wife of the plaintiff, to go along for a ride; and Mrs. Walsh, the wife of the plaintiff, was in the automobile at the time the accident happened. She did not have any supervision, direction, charge or control over the movements of said automobile, and by reason of the foregoing, there was no joint enterprise in existence as between the plaintiff, James Walsh, the owner of the car, and said bailee, the driver of the car; and there was no joint enterprise between Mrs. Walsh, the wife of the plaintiff, and said bailee, as to the use and operation of said automobile. The negligence, if any, of Bowles, the bailee, was not chargeable to or against the owner, James Walsh, the plaintiff, and the said James Walsh was not chargeable with any negligence if any there was on the part of said bailee, or on the part of his wife, Mrs. Walsh, who was invited by said bailee, Bowles, to take a ride with him on his individual trip to see and visit his aunt.

On the question of the negligence of the bailee as to whether or not such negligence may prevent recovery by the owner of property, is very nicely treated in **8 Abs, 281,** and also in **8 Abs 328,** and again in **10 Oh Ap 427,** wherein it was held that the owner of property in the hands of a bailee may recover from a third person damages caused to such property by the negligence of the third person, even though the bailee be guilty of contributory negligence in the handling of the property, and even if the bailee, in an action brought by him, might be met with the defense of contributory negligence.

The question presented by the record in this case does not present a case of joint enterprise and the case decided by the **9 Oh St 484** is not applicable to the case at bar.

A further claim being made in oral argument by the plaintiff in error that the court refused to specifically charge on certain matters of negligence after the general charge had been given. We find from the record before us that there was but one issue in this case and that was as to whether or not the defendant below was guilty of any negligence which was the proximate cause of the collision and the resulting damage to the plaintiff the owner of said automobile.

So, it therefore follows that we find and hold that there was no error in the court below in refusing to give the specific charges at the end of or after the general charge.

We, therefore, find and hold that there is no error in this case prejudicial to the rights of the plaintiff herein, and it follows that the judgment of the court below will be and the same is hereby affirmed. Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, J, concur.