### COMMERCIAL CREDIT CO v STANDARD BAKING CO

Ohio Appeals, 5th Dist, Stark Co

Decided Feb 8, 1933

Clayton Hoffman, Canton, for plaintiff in error.

Waltz & Enright, Akron, for defendant in error.

## OPINION

By SHERICK, J.

The demurrer admits these facts to be true. The questions therefore presented are: First, does the petition state a cause of action; second, has the mortgagee legal capacity to sue a third party for damages to a mortgaged chattel, occasioned by the sole negligence of the third party, when the condition of the mortgage has been broken and the chattel remains in the possession of the mortgagor?

The mortgagee places reliance on the following authorities: **Allison v McCune, 15 Ohio, 726, 45 Am. Dec., 605; Carpenter v Cincinnati & Whitewater Canal Co., 35 Oh St, 307, and Yahraus v Stevens, 29 OLR, 81, (7 Abs 200).** These cases correctly hold that an action in damages will lie in favor of a mortgagee of real estate against a third party, who has damaged the premises and thereby reduced the security of the mortgagee. We would here remark, in view of what we shall hereinafter say, that a question of negligence is not an issue in such cases. The

plaintiff in error points out no Ohio case involving this principle where chattels are concerned. A number of such cases from other jurisdictions are called to our attention, among which are found Commercial Credit Co. v Satterthwaite, 107 N. J. Law, 17, 150 A., 235; Cresbard Grain Co. v Farnham (S. D.), 244 NW, 91; O'Brien v Miller (C.C.), 117 F., 1000; Berlein v Eddy, 89 Fla., 484, 104 So., 780, and Wylie v Ohio River & Charleston Rd., 48 S. C., 405, 26 SE, 676. These cases seem to support the mortgagee's theory. We note, however, that they rather deal with phases of the lien laws of their respective jurisdictions, which are dissimilar to our theory of the rights of chattel mortgagees.

The courts of this state have repeatedly held, in cases wherein possession or conversion was in issue, that a chattel mortgagee, after condition broken, is the general owner of the property and entitled to possession thereof. But as stated in **7 Ohio Jurisprudence, 225:**

"But the idea of considering the mortgagee as a general owner is not unrestricted. That he is the owner in the sense that there is no interest in the mortgagor remaining after the condition is broken, which the mortgagor, his creditor or assignee can assert, is a proposition which finds little support elsewhere, and none in Ohio."

It is our conception that the true relationship existing between a mortgagor and mortgagee, in cases other than those of possession and conversion, after condition broken and the mortgagee has taken possession, is that the mortgagee is a trustee of the fund to be created by a sale of the repossessed property, concerning which he must account to the mortgagor. If the mortgagee had an absolute right to the property or the fund so created, the instrument must of necessity be something other than a chattel mortgage.

Now, it must be remembered that this is a tort action for damages growing out of an ordinary automobile collision, a prolific source of litigation, and that the mortgagee had seen fit to permit the chattel to remain in the possession and use of the mortgagor after condition was broken. Possession is a contractual feature concerning which mortgage parties may stipulate, and it is equally true that a mortgagee may choose to disregard an act as a breach of the contract, for it might have been for his benefit. He may, therefore, prefer, for all time or for the present only, to forego his right of determining that a certain breach of contract should amount to condition broken. Upon any such breach, if the mortgagee does not seek possession or foreclosure, it is reasonable to presume that he has temporarily waived his legal right to declare the mortgage condition broken, and if the condition of the mortgage be not broken, the legal title to the chattel mortgaged property, under the Ohio law, remains in the mortgagor. Parties may contract, and construe their own contracts. Their acts are indicative of that construction, and it little behooves the law in such case to otherwise make a contract for the parties. The mortgagee, by his inactivity after installments were past due, thereby recognized an interest or special title, perhaps defeasible, to the chattels in the mortgagor. It was this interest that was directly damaged by the third party's negligent act, and the injury to the mortgagee's interest in the property was in fact a collateral or resulting injury which destroyed the mortgagee's security for the note which it held.

It cannot be controverted that the mortgagor could have maintained a like action for damages. Such suits are entertained daily, and recoveries permitted. True, we appreciate that a mortgagee could compel application of any such judgment toward the settlement of the mortgagor's note obligation; but in the first instance the primary right to such judgment, the mortgagor being in possession of the property, is in the mortgagor. If the mortgagee in such case had a primary right, he might institute a second suit for damages against the third party, and he be made to twice respond in damages for the same act. This, public policy does not permit.

Sec 11241, GC, provides that "an action must be prosecuted in the name of the real party in interest." And it is our view in the situation developed by this petition, in this a damage action by the mortgagee, that when the mortgagor is allowed to remain in possession and make use of the mortgaged chattel, the mortgagor is in the first instance the real party in interest. We do not consider the question whether a different conclusion would be reached had the mortgagee first made demand upon the mortgagor to bring suit, and had been refused.

It is aptly said in Ware v Brown, 4 O. F. D., 146, Fed. Cas. No. 17,170, that "an action for damages resulting from a tort, can only be sustained by the person directly

injured thereby, and not by one alleging a collateral or resulting injury."

Realizing that what we are about to say may perhaps be unnecessary, but having in mind that this is a pioneer case and perhaps justifiable for that reason, we would point out what might result from a contrary judgment. Were the law otherwise than we conceive it, the following results might be expected to naturally transpire. We would expect answers to be filed to such suits raising an issue of contributory negligence, and inasmuch as the scintilla rule is the law of this state a bit of evidence would send that issue to the jury.

Now the result would be, if the mortgagor was negligent in any respect which directly contributed to his own injury, and the third party had not been guilty of a wilful or wanton tort, to permit recovery by a mortgagee, which would either be a departure from our well-established rule of contributory negligence, or a recognition of the disavowed rule of imputed negligence, if recovery was denied.

We see an analogy between the positions now held by the mortgagor and mortgagee in this case similar to that existing in like case between bailor and bailee, if the claim of the mortgagee is correct, in that he has full legal title after condition broken. Huddy in his Encyclopedia of Automobile Law (9th Ed.), Vols. 5 and 6, page 296, states the majority rule and reason in this fashion:

"Since the bailor is not responsible to third persons for the negligence of the bailee, the negligence of the bailee should not be imputed to the bailor, so as to absolve third persons from liability to the bailor for injury to his property in the hands of the bailee."

This rule has been recognized and applied by this court in **Victor Tea Co. v Walsh, 38 Oh Ap, 516, 176 NE, 585, (9 Abs 598)**, but we would be unwilling to further extend its application in departing from the contributory negligence doctrine to which this state is committed, as it is to a denial of the imputed negligence theory. Our Supreme Court in **Puterbaugh v Reasor, 9 Oh St, 484,** reaffirmed in **St. Clair Street Ry. Co. v Eadie, 43 Oh St, 91, 96, 1 NE, 519,** has denied this doctrine. It has not directly entertained this question since in a reported case, and only inferentially so by a denial of a motion to certify in

**Gfell v Jefferson Hardware Co., 10 Oh Ap, 427.** In a bailment, the bailor has the full legal title. We hold this not to be true of a mortgagee, as herein stated. Therein lies the point of difference, which should forbid extension of the rule in the case now before us.

We cannot be unmindful of the enormous number of mortgaged cars, nor of the well-known fact that past-due installments are unpaid in many, many cases, and that mortgagees are in most instances better off with the cars in the mortgagor's possession, for the reason that the paper is of greater value than the reclaimed chattel, if some payments are being made thereon. If the principle contended for is approved of, mortgagees might long for destruction of these mortgaged cars as a means of payment. They might connive with the mortgagor who is unable to pay, and collisions would increase. A situation suggests itself: Two mortgaged cars collide, both owners are negligent and uncollectible; the mortgagees, of course, have these cars insured; each mortgagee would proceed to collect from the other mortgagor's insurance company; thereby the mortgagees are paid and the mortgagors' debts are extinguished.

Confusion a plenty now exists. We see no useful purpose to be served by recognition of a right in a chattel mortgagee out of possession by his own neglect or purpose to sue a third party in tort for damages to his security. Public policy, as well as the law, as we see it otherwise demands. The judgment is therefore affirmed.

Judgment affirmed.

GARVER, PJ, and LEMERT, J, concur.