Biley, J.
This is an action of tort. The declaration alleges ownership of an automobile and, that while the same was being lawfully operated on a public highway in the City of Boston, by one Jason the registered owner, it was in collision with an automobile operated by the defendant and was damaged, due to the defendant’s negligence. The answer consists of a general denial and a plea that the alleged damage was caused in whole or in part by the plaintiff’s negligence.
The evidence discloses that on September 19, 1939 the automobile, for damage to which the plaintiff seeks recovery, was being operated by one Jason on a public highway in Boston; that it was registered by and in the name of said Jason; that it had been sold to Jason by the Blue Hill Pontiac Incorporated on March 21, 1939, under an instrument designated, “Massachusetts Title Contract— Time Basis”; that said instrument contains a description *293 of the automobile and recites a cash payment fyy Jason, and by its terms the buyer (Jason) became obligated to make certain serial payments; that it was accompanied by a negotiable note in the amount of the total of monthly installments and payable to the Blue Hill Pontiac, Incorporated ; and, that both the instrument and the note were signed by Jason. The instrument contains the following wording:
"Title to said automobile shall remain in said seller or his assignee until this contract is fully performed by me. Said automobile has been delivered to me and I am now in possession thereof hereunder. I agree, however, to deliver said automobile to the owner of this contract upon his request and if the owner of this contract shall feel insecure or believe said automobile will be lost to him or damaged by reason of my continuing in possession thereof, the owner of this contract may take possession of said automobile without notice or demand and without process of law, regardless of whether I am in default hereunder or not But if I am not in default under this contract at the time the owner hereof comes into possession of said automobile as herein provided and I shall pay all unpaid installments hereunder within fifteen days thereafter, the automobile shall be delivered to me.
“Time is of the essence of this agreement, and if I shall default in the payment of any installment, or fail to pay as herein provided, or fail to keep or perform any of the provisions hereof, the seller or the owner hereof may declare the entire amount then unpaid immediately due and payable and may collect the samo from me as liquidated damages for the breach of this contract, and may take possession of said automobile, if not already in possession, wherever it may be found by entering any premises therefor without notice or demand and without legal process. In case of repossession I agree that I shall lose all interest in, or right to, said automobile except that provided by *294 law, an’d that- the seller or the owner hereof may sell it. with-or . without- notice, either at .public or private sale, for .a price which the seller or the owner hereof .deems'fit. In case' of repossession and sale of such vehicle for default in payment of any part of the purchase price, all sums paid on account of such price and any sum remaining from the proceeds of the sale of such repossessed vehicle after deducting the reasonable expenses of such sale shall be applied in reduction of such price.
“Said seller shall assign this agreement and transfer title to said automobile to the Associates Discount Company, South Bend, Indiana, and in such event I will perform all of the promises herein contained to such assignee as the owner hereof.
“I am in no sense constituted the agent of the seller or his assignee by virtue of this agreement.”
The evidence also shows that on September 19, 1939, the date of the collision, Jason was two days in default in one of his payments but that the plaintiff had not up to that time taken any steps to repossess or otherwise deal with the car.
At the close of the trial the defendant duly filed the following requests for rulings of law which the trial judge acted upon as indicated below.
1. The plaintiff as assignee of the automobile is not entitled to recover if the Court finds that Jason, in whose name the autombile was registered, was negligent.
Refused.
2. The- evidence does not warrant a finding for the plaintiff.
Refused.
3. If the Court finds that Jason retained an equity in the automobile contingent upon his compliance to the terms of the lease or contract, the plaintiff is not entitled to re *295 cover if the Court finds that any negligence of Jason contributed to the plaintiff’s damage.
The Court finds that Jason was in possession under conditional sale contract being Exhibit #3 in this case and refuses to give the last two lines of this request beginning with the word “plaintiff.”
4. The evidence does not warrant a finding that as between Jason and the plaintiff there existed at the time of the accident the relationship of bailor and bailee.
Given, — but giving this ruling is not to be interpreted as meaning that some of the results may not be similar.
5. If the Court finds that Jason at the time of the accident was in default in the terms of the sale of the automobile to him by the assignor, the automobile was illegally registered.
Refused.
6. Until the default in payments of the promissory notes given as collateral security for the performance- of the contract Jason had unqualified right of possession, of use and of management as if the automobile were his own.
This request is immaterial as there had been default and it is untrue as the contract provides for repossession in another instance.
The trial judge found the following facts:
1. I find that both Jason and Reeves, the driver of the other car, were negligent.
2. I find that the plaintiff was in the exercise of due care.
3. I find that Jason was not the agent of the plaintiff nor of its assignor.
4. I find that Jason was in default in his payments, and found generally for the plaintiff.
*296 In accordance with the -established- rule of appellate practice, the issues raised by- requests numbered 5 and 6, not having been either briefed or argued, must be treated as waived. Boston v. Dolan, 298 Mass. 346, 355, 356.
As the report contains no recital of evidence as to the details of the collision, or of how it occurred, or of the conduct of any of the parties present, or of the conduct of either party to this action, it must be assumed that the evidence warranted the trial judge’s finding of fact that the operators of both automobiles were negligent, that the plaintiff was' in the exercise of due care, that Jason was in default in one of his payments, and that Jason was not the agent of the plaintiff. The report containing no evidence relative to such facts, and no request for a ruling of law directed to the sufficiency of any such evidence, the findings of fact made are not open to review by this division.
On the report before us we must assume that there was some evidence to enable the trial judge to make a finding of fact as to negligence, and likewise some evidence enabling him to find as fact that Jason was in default in one of his payments. On the question of the plaintiff’s due care we must also take for granted that there was some evidence thereof. The finding of fact as to the non-existence of agency presupposes, either evidence not convincing to the trial judge, or an entire absence of evidence as to the fact.
It is apparent that the question of law sought to be presented for determination has been preserved and presented by the defendant’s first and second requests for rulings of law, and that requests numbered 3 and 4 appear to serve . no helpful purpose. . The latter requests seem to confuse rather than to clarify the issue, The trial judge by his *297 action on the third request disposed of the suggestion that the instrument declared upon was something other than a conditional sale contract, by ruling that it was a conditional sale contract.
Concisely stated the defendant’s sole contention as represented by the report and his requests for rulings of law is, — that by the terms of the instrument of sale the plaintiff’s assignor created a status which makes the negligence of the buyer (Jason) imputable to it, or in turn to its assignee (the plaintiff).
An examination of the conditional sale contract attached to the report clearly shows by its terms an intention that title remain in the vendor or its assignee until the vendee has complied with the conditions contained therein. The vendor retained the general property in the chattel for itself and for its assignee until full payment had been made, and the vendee acquired possession, a special property. Accordingly, the vendor retained the legal title and the contract does not at any time carry the legal title to the vendee until the conditions have been performed. We believe it entirely immaterial whether or not the trial judge could be induced to call the status which he found to exist within the four corners of the conditional sales contract a bailment, a creditor’s lien, a seller’s security or something else. A condition in a conditional sale contract is a common law condition and not an equity, and remains such wherever it goes, be it in a law court or a court of equity.
The finding in this case was predicated on an absence of convincing evidence tending to show that the plaintiff in this action retained such control or power over Jason as to make Jason’s conduct or negligence imputable to it. The existence of such a relationship whether it be principal and agent, master and servant, or by some other name, is a *298 matter of fact which cannot be found as such, in the absence of some evidence. Hamilton v. Coster, 249 Mass. 391.
The conditional sale contract here under consideration does not contain any wording fairly susceptible of being construed as creating a relationship which permits the imputation of the vendee’s negligence to the vendor.. And this is said wholly irrespective of the negation of the sentence “I am in no sense constituted the agent of the seller or his assignee by virtue of this agreement.”
The only bar to the present plaintiff’s right as owner of the general property to recover for damage to the chattel, would be a recovery on behalf of the owner of the special property (Jason), for the same cause of action.
We believe this case falls within the principles enunciated in the case of Nash v. Lang, 268 Mass. 407. The facts speak for themselves irrespective of whether the trial judge did or did not call it a bailment. His calling it a bailment would not make it one if it was not, and his not calling it a bailment does not change it from what it is.
The logic and reasoning of Nash v. Lang is equally applicable to the instant case and no useful purpose would be served by quoting at length from that decision.
A word about the cases cited from other jurisdictions. The case of Commercial Credit Co. v. Satterthwaite, 107 N. J. Law 17, contains facts substantially the same as those in the instant case, and the result reached in that case is the same as that reached by the trial judge here. This division subscribes to that decision. While the New Jersey court did not hesitate to term the status found a bailment, a term which the trial judge here declined to employ, a reading of the Uniform Conditional Sales Act, a statute in effect in New Jersey, readily, explains why there was no hesitancy about using the word bailment.
*299 The ease of Commercial Credit Company v. Standard Baking Co., 45 Ohio App. 403, cited by the defendant, is not an authority in point as it concerns itself with the title of a mortgagee and not that of a party to a conditional sale. A mortgagee of a chattel is not clothed with the legal title under .the Ohio theory of mortgages. The Ohio court therein said “In a bailment, the bailor has the full legal title. We hold this not to be true of a mortgagee as herein stated. Therein lies the point of difference . . ..”
The case of Security Finance Co. v. C. R. I. P. Ry. Co., 207 Iowa 1105 is of no assistance to a determination of this case. It does, however, call attention to the fact that in Iowa they have a statute which in effect provides that upon the loan or permitted use of a motor vehicle by the owner, a presumption of agency is established. The statute therein mentioned contains the germ of thought expressed by the defendant in his brief, namely, — “a declaration of public policy” — as being a legislative function rather than a function of the judiciary.
. We have carefully examined and considered all the requests and as no prejudicial error appears, the following entry is ordered— Report dismissed.