CONART MOTOR SALES, INC., APPELLEE, *v.* SHULLO ET AL., D. B. A. SHULLO CONSTRUCTION CO., APPELLANTS.

(No. 3525—Decided December 10, 1942.)

*Mr. A. D. Zook,* for appellee.
*Messrs. Slabaugh, Seiberling, Guinther & Pflueger,* for appellants.

DOYLE, P. J.   This is an appeal on questions of law from the Municipal Court of Akron.   The action there was for damage to an automobile owned by the Conart Motor Sales, Inc., which resulted from a collision between the said automobile and a truck owned and operated by the Shullo Construction Company. Trial was had before a judge of the Municipal Court of Akron, and a judgment for the plaintiff was entered. From this judgment, appeal was prosecuted direct to this court.

The driver of the plaintiff's car was a salesman for the plaintiff, and was, at the time of the accident, driving to his home from the salesrooms for the purpose of getting his dinner, after which he intended to return.   The evidence is such that the trial court was justified in finding that the salesman was "not on his master's business" at the time of the collision, and the rule of *respondeat superior* did not apply.

The evidence further justifies the conclusion that the relationship between the plaintiff and the salesman

was that of bailor and bailee. This determination is important, even though the judgment is for the plaintiff, because it is urged by the appellant that the issue of contributory negligence is in the case and that the judgment on this issue is manifestly against the weight of the evidence.

The courts of Ohio have followed the general rule, that a bailee's contributory negligence is not imputable to the bailor in the latter's action against a third person for injury to, or destruction of, the subject of the bailment, under such circumstances as are shown in the instant case—*i. e.*, an ordinary, simple relationship of bailor and bailee. *Gfell* v. *Jefferson Hardware Co.*, 10 Ohio App., 427, 31 C. C. (N. S.), 214; *Victor Tea Co.* v. *Walsh*, 38 Ohio App., 516, 176 N. E., 585.

On this subject, 5 Ohio Jurisprudence, Bailment, Section 28, states that the rule pronounced in Ohio many years ago was to the contrary. The statement is:
"* * * In an early case in Ohio [*Puterbaugh* v. *Reasor*, 9 Ohio St., 484], * * * the contributory negligence of the bailee was held to preclude a recovery by the bailor against third persons for negligent injury to the property. * * *"

In 6 American Jurisprudence, Bailments, Section 310, appears the following in note 18:
"In Ohio this rule was followed in an early case, and the Supreme Court of that state has never directly overruled it. But since the doctrine of imputed negligence does not now prevail in Ohio, lower and intermediate courts in that state have followed the modern rule in recent cases."

It appears from a reading of the "early case in Ohio" that it did not decide that the negligence of a bailee could be interposed as a defense by a third person in an action by a bailor against such third person charging negligence. The opinion does not hold that

the relation of bailor and bailee existed. The facts show the action was instituted by one of two parties in a joint enterprise against his associate and a third person. The court properly held that the negligence of the partner could be imputed to the plaintiff and defeat a recovery against the third person.

This observation is made for the reason that Ohio has never followed the present minority rule as charged, and our determination of the law in this case is not in conflict with the Supreme Court in the cited case.

In fact, in a later case—*Street Railway Co.* v. *Eadie,* 43 Ohio St., 91, at page 96, 1 N. E., 519, 54 Am. Rep., 802—Judge Johnson, the writer of the opinion, commented:

"In *Puterbaugh* v. *Reasor,* 9 Ohio St., 484, the want of ordinary care of plaintiff's agent prevented his recovery, when the agent's negligence directly contributed to the injury, though the defendant was also guilty."

The word "agency" is used here as applicable to a mutual agency upon which the principle of joint enterprise is based. *Bloom* v. *Leech, Admr.,* 120 Ohio St., 239, at p. 243, 166 N. E., 137.

It is claimed by the appellant that the trial judge misconstrued the law, as evidenced by certain "memorandums."

The record does not reveal any such "memorandums," either in the bill of exceptions, in the transcript of the docket entries, or in the papers filed in the case, and therefore are not before this court.

However, even if "memorandum findings" had been filed, it may be safely asserted that the reasons given by a trial judge for his decision in a law action of this character are not important, if the evidence and the law justify the judgment pronounced.

In the opinion of the members of this court, the evidence adduced in support of the claimed negligence of the defendant is such that reasonable minds could reach different conclusions, and that the judgment entered is not manifestly against the weight of the evidence.

The judgment is affirmed.

*Judgment affirmed.*

STEVENS and WASHBURN, JJ., concur.