**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 16-3436
_____

MICHAEL DAVIS,
                    Appellant

v.

SUPERINTENDENT GRATERFORD SCI;
ATTORNEY GENERAL PENNSYLVANIA,

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No. 2-13-cv-01744
District Judge: Honorable Maurice B. Cohill, Jr.
_____

Argued: March 12, 2019
_____

Before: MCKEE, PORTER, and ROTH, Circuit Judges

(Opinion filed: January 7, 2021)

Lisa B. Freeland
Elisa A. Long
Samuel G. Saylor **[Argued]**
Office of Federal Public Defender
1001 Liberty Avenue
1500 Liberty Center
Pittsburgh, PA 15222

     *Counsel for Appellant*

Keaton Carr
Daniel A. Vernacchio **[Argued]**
Ronald M. Wabby, Jr.
Allegheny County Office of District Attorney
Room 401
436 Grant Street
Pittsburgh, PA 15219

     *Counsel for Appellees*

_____

OPINION[*]

_____

McKee, *Circuit Judge.*

Davis seeks habeas review of his state convictions arising from charges that he sexually abused a minor. He seeks relief under 28 U.S.C. § 2254 based on several claims of ineffective assistance of trial counsel. The District Court concluded that the claims were either procedurally defaulted or had been correctly decided by the reasonable

---

[*] This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding precedent.

application of Supreme Court precedent in state court. **App. 1-2, 20-26.** For the reasons that follow, we will affirm the district court.[1]

## I.

Davis argues he is entitled to the narrow exception fashioned in *Martinez v. Ryan* to excuse procedurally defaulted claims of ineffective assistance of trial counsel.[2] In *Strickland v. Washington*,[3] the Supreme Court held that a defendant claiming a violation of the Sixth Amendment's right to counsel must show that "counsel's representation fell below an objective standard of reasonableness,"[4] and that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[5]

For the purposes of this appeal, we will assume that Davis's claims fall within the narrow *Martinez* exception. We nevertheless hold that he is not entitled to relief because none of his three claims of ineffectiveness satisfy *Strickland*.

## A.

---

[1] The District Court had jurisdiction under 28 U.S.C. § 2254. We have appellate jurisdiction under 28 U.S.C. §§ 1291 and 2253. Our review is plenary and will apply the same standard used by the district court because it did not conduct an evidentiary hearing. *Dennis v. Sec'y, Pa. Dep't of Corr.*, 834 F.3d 263, 280 (3d Cir. 2016).

[2] 566 U.S. 1 (2012) (requiring that (1) the claim has some merit and (2) collateral review counsel was ineffective under the standards of *Strickland v. Washington*).

[3] *Strickland v. Washington*, 466 U.S. 668 (1984).

[4] *Id.* at 688.

[5] *Id.* at 694.

3

The victim (C.H.) did surprise defense counsel during cross examination by disclosing that she "wrote days down when [they] had sex" in her journal, and this allowed the prosecutor to admit the journal entry.[6] However, counsel elicited the unexpected response through a reasonable line of questioning. He was attempting to impeach C.H. based upon inconsistencies in her testimony on direct. **App. 115-16, 123, 127.** Although Davis now claims that this "opened the door" to the prosecutor admitting the journal entry, counsel's questions were a reasonable way to undermine C.H.'s credibility.[7]

Moreover, counsel made a reasoned decision not to move for a mistrial. "[A] court must indulge a strong presumption that counsel's conduct . . . might be considered sound trial strategy."[8] Here, we cannot assume a mistrial would have been granted given the court's willingness to grant only a continuance to allow trial counsel an opportunity to examine the surprise entry. **App. 147-48.** Moreover, counsel may well have considered the fact that a retrial would provide an opportunity for C.H. to refresh her recollection and to explain the apparent discrepancies between her journal entries and testimony.

---

[6] App. 116.

[7] Appellant's Br. 40. Trial counsel did not claim that the portions of the journal were withheld in bad faith and the prosecutor offered to produce testimony that would establish that the omission was inadvertent. Thus, trial counsel's decision to cross examine C.H. about inconsistencies between her testimony and journal entries was not only reasonable but necessary. Davis had to raise a reasonable doubt about C.H.'s truthfulness. The inconsistencies arising from the journal entries clearly seemed like the best (and perhaps only) way to do that.

[8] *Strickland,* 466 U.S. at 689 (internal quotation marks and citation omitted).

## B.

Similarly, trial counsel's failure to object to questions insinuating he was a drug dealer also fails to satisfy *Strickland.* Had trial counsel objected, the prosecutor may well have been able to introduce Davis's pending drug charges and C.H.'s statement to forensic interviewers at the Children's Hospital: "I don't know (didn't know) what he's capable of cause he's a drug dealer and stuff."[9] Such evidence, combined with the fact that Jefferson had a history of drug addiction, may have been a proper foundation for the prosecutor's drug dealer inquiries. It was clearly better to simply allow Jefferson and Davis to deny those insinuations than to risk allowing the jury to hear evidence that would have established a proper foundation for those questions.

## C.

Finally, Davis contends trial counsel was ineffective for not introducing evidence that C.H. had an intact hymen. This also fails the first *Strickland* prong. Davis argues that the medical staff described C.H.'s hymen as "thick [and] redundant" with "no notches" and "no lesions."[10] The exam report also contained an assessment that "there were no physical findings of abuse."[11] But that ignores the fact that the report qualified that statement by explaining that "80–90% of children with known sexual abuse have normal

---

[9] Appellee's Br. 39**.**
[10] App. 429.
[11] *Id*. at 434.

exams due to the elasticity [and] distensibility of the hymenal tissue."[12] The report cautioned that "[t]he medical findings are not conclusive to support or disprove allegations of abuse."[13]

Thus, the fact that C.H.'s hymen did not evidence trauma is inconclusive and fails to establish prejudice as required by *Strickland.* Perhaps more importantly, the visit summary states that C.H. went to the hospital "due to [a] series of alleged sexual assaults [over] past 5-6 months . . . [by an] adult male – allegedly mom's drug dealer . . . . Reports vaginal, oral, anal intercourse."[14] Accordingly, not only was the hospital record inconclusive as to C.H.'s trauma, part or all of it may have been admissible against Davis as a prior consistent statement by C.H. Whether or not the court would have allowed that, it clearly was reasonable—and probably advisable—for trial counsel to avoid wading into those troubled waters.

## II.

For the reasons set forth above, we will affirm the District Court's denial of Davis's habeas petition.

---

[12] *Id.*
[13] *Id.* at 434.
[14] *Id.* at 431.